IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| FELIX FORJAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 19-03144-CV-S-BP-P |
| ) | |
| ROSEANN KETCHMARK, et al, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Plaintiff's motion to reopen the case. Doc. 16. For the reasons set forth below, this motion is DENIED.

### Discussion

This prisoner pro se case was filed pursuant to 42 U.S.C. § 1983 on April 15, 2019. Doc. 1. On April 19, 2019, the Court granted Plaintiff leave to file *in forma pauperis* and ordered him to pay an initial partial filing fee of $75.23. Doc. 5. The Order stated that Plaintiff's failure to pay the initial fee would result in dismissal of the case without further notice.

On April 29, 2019, Plaintiff sought an extension of time to pay the initial partial filing fee, which was granted in part and denied in part. Docs. 6, 7. Plaintiff's initial fee was now due on or before May 24, 2019. Doc. 7.

On May 20, 2019, Plaintiff filed a second motion for extension of time to pay his initial partial filing fee, which was granted in part and denied in part. Docs. 9, 10. Plaintiff's fee was now due on or before June 14, 2019. Doc. 10.

On June 18, 2019, the Court ordered Plaintiff to show cause, on or before July 2, 2019, why he had failed to make his payment. Doc. 11.

On July 2, 2019, Plaintiff filed a response indicating that it is not his fault that he has not

been able to make the initial partial payment for reasons relating to the county jail's policy and alleging the county jail required a court order to pay the partial filing fee from his account.[1]  Doc. 12.  However, the initial partial filing fee was calculated and ordered in accordance with the law.  Based on language in Plaintiff's filings indicating that he could not make the payment, the Court obtained an updated inmate account statement from the Greene County Justice Center.  Doc. 13.  After the original fee was ordered based on the inmate account statement docketed on April 19, 2019, Plaintiff received the following deposits:  $297.00 on June 1, 2019; $50.00 on June 26, 2019; and $480.00 on June 27, 2019.  Further, during the relevant time period Plaintiff made numerous purchases at the commissary and incurred numerous phone time purchases.  Doc. 13.

The Court thus dismissed the case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failure to comply with this Court's orders.  Doc. 14.  The dismissal further noted that "Any motion to reopen must be filed within a reasonable period of time and *must comply with the Court's previous orders*."  Doc. 14 (emphasis added).

Plaintiff now seeks to reopen the case, broadly alleging that the Court falsified the docket to reflect that Plaintiff submitted his inmate account statement.[2]  Plaintiff has not made the required payment.

More critically, however, Plaintiff's motion to reopen is signed by Candace Kent, who is neither a party nor a licensed attorney.  Doc. 16.  Under Federal Rule of Civil Procedure 11(a), "Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."  Plaintiff has

---

[1] The Court regularly receives initial partial filing fees from inmates incarcerated in the Greene County Justice Center.  **It is neither necessary nor the Court's practice to order a jail or prison to deduct the initial partial filing fee from an inmate's account.**
[2] As best as the Court can discern, it appears Plaintiff believes the docket is fraudulent because the original inmate account statement was docketed as "filed by" Plaintiff.  As is routine, Plaintiff's inmate account statement was obtained by the Court and docketed on Plaintiff's behalf in order for the Court to calculate Plaintiff's initial partial filing fee.

granted Kent power of attorney. Doc. 17. However, a pleading, motion, or other paper signed by any nonparty individual such as the pro se plaintiff's power of attorney agent still fails to meet Rule 11 standards absent any indication that the individual is a licensed attorney. *See Valiant-Bey v. Morris*, 620 F.Supp. 903 (E.D.Mo. 1985) (striking the plaintiff's document because it was signed only by a nonparty, nonlawyer "counselor" on behalf of the plaintiff in violation of Rule 11(a)); *see also Johnson v. Bank One N.A.*, 90 Fed.Appx. 956, 957 (7th Cir. 2004) (striking a notice of appeal and appellate briefs, pursuant to Rule 11(a), because they had been signed only by the pro se plaintiff's power of attorney agent, who was neither a party to the case nor a licensed attorney). Furthermore, 28 U.S.C. § 1654 states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." *See Walton v. Miller*, No. 4:18-cv-01204-SNLJ, 2019 WL 265100 (E.D.Mo. Jan. 18, 2019); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities.").

Finally, the Court notes that if Plaintiff wishes to appeal this order or any other order of the Court, he is advised that federal law "'makes prisoners responsible for [appellate filing fees of $505] the moment the prisoner . . . files an appeal.'" *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (citation omitted).

## Conclusion

Accordingly, Plaintiff's motion to reopen is DENIED without prejudice.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

DATED: September 10, 2019